COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


JOHN P. ALLEE

v.   Record No. 1960-96-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
ILE WAYNE BLAKE, INC. T/A                    JANUARY 14, 1997
 YESTERDAYS
AND
UNINSURED EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John P. Allee, pro se, on brief).

            (James S. Gilmore, III, Attorney General;
            John J. Beall, Jr., Senior Assistant Attorney
            General; Paul S. Stahl, Assistant Attorney
            General, on brief), for appellee Uninsured
            Employer's Fund.

            No brief for appellee Ile Wayne Blake, Inc.
            t/a Yesterdays.


     John P. Allee (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove that his current low back pain and groin symptoms

and resulting disability were causally related to his compensable

December 13, 1993 injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" <u>Great Atl. & Pac. Tea Co. v. Bateman</u>, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 438–39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant's treating physicians, Drs. C. Bernard Cross and W. Paul Harris, concluded that claimant's current symptoms were of unknown etiology. Absent medical evidence linking claimant's current symptoms to his compensable injury by accident, we cannot find as a matter of law that his evidence sustained his burden of proof. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

2